

**IT IS ORDERED as set forth below:**

**Date: July 26, 2019**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 18-50008-PWB |
| | ) |
| CHARRISSE LAKISHIA BUTLER, | ) CHAPTER 13 |
| | ) |
| Debtor. | ) |
| | ) |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST, | ) ) ) ) CONTESTED MATTER |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARRISSE LAKISHIA BUTLER, and MARY IDA TOWNSON, Trustee, | ) ) ) |
| Respondents. | ) |

**CONSENT ORDER**

U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust, c/o SN Servicing Corporation, its servicing agent ("Movant"), filed a Motion for Relief

from Stay on June 29, 2019 (Doc. No. 34) ("Motion"), and the hearing on the Motion was scheduled for July 24, 2019 at 1:30 p.m.  Movant and Debtor have consented to the terms herein without any opposition from the Chapter 13 Trustee, and good cause has been shown.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.

Debtor acknowledges being delinquent on the post-petition payments as set forth under the terms and conditions of the subject loan documents ("Loan Documents"), attached to the Motion and incorporated herein by reference, in the amount of $4,320.16. Said amount consists of the post-petition payments for February 2019 through and including July 2019 in the amount of $548.76 each, $850.00 attorney's fees and $181.00 costs incurred by Movant in bringing the Motion, minus $3.40 in suspense.

2.

All payments made pursuant to this Consent Order shall have Loan Number xx9351 written thereon and shall be remitted directly to Movant, c/o SN Servicing Corporation, 323 Fifth St., Eureka, CA 95501.  Debtor shall remit $2,160.00 in certified funds instanter and shall then cure the balance of the post-petition arrearage by remitting $240.02 on or before the fifteenth day of each month for the period of August 2019 through and including March 2020, and $240.00 on or before April 15, 2020.

3.

Debtor shall make all payments under this Consent Order in strict compliance with the terms herein and shall make the August 2019 through and including April 2020 post-petition payments in strict compliance with the terms of the Loan Documents.

4.

In the event of a default on any of the payments set forth in Paragraphs Two or Three above, Movant or Movant's counsel shall give written notice by first class mail to Debtor and Debtor's counsel of Debtor's default and right to cure the default within ten (10) days of Debtor's receipt of the written notice.  Debtor shall be presumed to have received the written notice on the fifth (5th) calendar day following mailing of said notice by Movant or Movant's counsel provided that said notice was properly addressed and that sufficient postage was affixed thereto.  Movant shall be entitled to attorney's fees of $85.00 per default notice, plus mailing costs.  Upon Debtor's failure to cure within the ten-day period, Movant or Movant's counsel may file an affidavit of default and a delinquency motion, both to be served upon Debtor and Debtor's counsel, and this Court may enter an order modifying the automatic stay without further notice or hearing.  Said order may order that:

a) The Motion is granted;
b) The stay set forth in FBR 4001(a)(3) is hereby waived, and the automatic stay is modified to permit Movant to pursue and enforce under non-bankruptcy law any and all rights it has in and to that certain real property, as more particularly described in the loan documents attached to the Motion and incorporated herein by reference, commonly known as 3120 Henderson Mill Road, Unit 1, Atlanta, GA 30341 ("Real Property"), including, but not limited to, advertising and conducting a foreclosure sale, seeking confirmation thereof in order to pursue any deficiency, and seeking possession of the Real Property.  However, Movant and/or its successors and assigns may offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement, short sale, deed in lieu of foreclosure, or any other type of loan workout/loss mitigation agreement.  Movant may contact Debtor via telephone or written correspondence to offer any such agreement; and
c) Upon completion of any foreclosure sale by Movant during the pendency of this case, all proceeds exceeding Movant's lawful debt that would otherwise be payable to the Debtors shall be promptly remitted to the Chapter 13 Trustee.  The Chapter 13 Trustee shall cease funding Movant's pre-petition claim.  Movant is granted leave to seek allowance of

a deficiency claim, if appropriate, but Debtor and the Chapter 13 Trustee shall be entitled to object to said deficiency claim.

[END OF DOCUMENT]

PREPARED BY AND CONSENTED TO:
Attorney for Movant

_____/s/_____
Marc E. Ripps
Georgia Bar No. 606515

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377
Email:  meratl@aol.com


CONSENTED TO:
Attorney for Debtor

_____/s/_____
Craig Black                          (By Marc E. Ripps, Esq. with express permission)
Georgia Bar No. 137410

The Craig Black Law Firm, LLC
1200 Abernathy Road, Building 600
Suite 1700
Sandy Springs, GA 30328
Email: cb@craigblacklaw.com


NO OPPOSITION:
Chapter 13 Trustee

_____/s/_____
Brandi L. Kirkland                   (By Marc E. Ripps, Esq. with express permission)
Georgia Bar No. 423627
Attorney for the Chapter 13 Trustee

191 Peachtree Street
Suite 2200
Atlanta, GA 30303
(404) 525-1110
Email: brandik@atlch13tt.com

## DISTRIBUTION LIST ON CONSENT ORDER

Pursuant to LR 9013-3(c) NDGa., the Consent Order shall be served upon the following parties in interest:

Marc E. Ripps, Esq.
Attorney for Movant
Via Electronic Notice

Mary Ida Townson, Esq.
Chapter 13 Trustee
Via Electronic Notice

Craig Zander Black, Esq.
Attorney for Debtor
Via Electronic Notice

Charrisse Lakishia Butler
3120 Henderson Mill Road
Apt. 1
Atlanta, GA 30341